Good morning. May it please the court. I'm James Loftham on behalf of the appellant Fernando Esparza. Good morning. The court's commissioned that I reserve two minutes of my time for rebuttal. Just watch the clock. I will do that. Thank you. I'd like to start with the second issue which concerns the district court's error in sentencing Mr. Esparza based on an unproved assumption that he distributed child pornography to actual minors in Internet chats. When this court decided Mr. Esparza's first appeal, it held that the district court plainly erred in finding that real minors were involved in these chats. The evidence staying in the record. When the case went back down to the district court for resentencing, the government conceded that it could not prove that fact and presented no additional evidence on that issue. So the record as it exists now is the same as it existed then. Nevertheless, at the most recent resentencing, the judge continued to express its belief, strongly held belief, that contrary to what this court held, real minors were involved in those Internet chats. And moreover, its comments reflect that this is a significant factor in its sentencing decision. The government doesn't dispute any of that, but it nonetheless insists that the district court didn't violate the law of the case or the rule of mandate doctrines simply because the district court didn't reimpose the seven-level adjustment that was struck down in the first appeal. Right, but so right now we're dealing with what? Section 1B1.3A2, right? Correct. All right. Which? The number of images adjustment. Right, and that provides that multiple counts of conviction are not required for subsection A2 to apply. So why should your client's guilty plea to distribution immunize him from the enhancement related to possession of child pornography? Well, it certainly doesn't immunize him from anything, Your Honor. What it is is that the fact is he was not convicted of possession. So the question is, is the relevant conduct, I mean, is the possession relevant conduct to the distribution? And that's where 1B1.3A2 comes in, which sets a very strong criteria for making that point. The government suggests that the mere fact that child pornography and child distribution and possession are groupable offenses, that that's enough to show that they should all count together. But both the amendment that made those guidelines groupable and the 1.1.3 itself says that that's not enough. You have to then prove, based on the particular facts of the case, that there was a common course of conduct or a common scheme or plan. And that's, I think, what the government and the district court failed to appreciate. The district court here, I mean, so the- What does the commentary say, though, to the guidelines? It seems that the commentary favors that argument. Well, the commentary sets forth factors that you look at when you make this judgment as to whether there's a common scheme or plan or common course of conduct. But I think that the way the probation office, with advice from the sentencing admission, said that guidelines should apply here is the correct one. There's no dispute that the government never proved that he actually distributed anything more than the 16 images. The question is then, and the probation office said, well, those images still might count for purposes of relevant conduct, but the government has to at least prove that he intended to distribute a quantifiable portion of his collection such that the number of images adjustment could only be based on the proved quantity. What about his bragging about his collection in his solicitation of the materials? Well, Your Honor, as I pointed out in the briefs, the bragging is he never bragged I've distributed tons and tons of images. He bragged that I have all of these images and you can have them if you want. I disagree with that second part of that sentence. He does suggest that he is willing to send in those chats certain images, and as I've pointed out and the probation pointed out, it's never been proved that those images are child pornography. But his bragging, the bragging that the court pointed to and the government points to is primarily I have this large possession of images. And that's not disputed. The FBI found that when they searched his home five months after the distribution. So that really adds nothing to whether he had an intent to distribute. It merely kind of reinforces the erroneous belief held by the government and apparently the lower court, the theory that was rejected by the Fifth Circuit in the United States versus Tushler, which is that possessed images, the mere possession of images is always part of the same course of conduct for a distribution because purportedly the possessed images are part of an inventory which are used to distribute. But weren't these images commingled with those that were in fact distributed? That's apparently true, Your Honor. But again, the fact that they're there in the same time and the same place does not reflect an intent that this will, a quantifiable portion of these images. It's not relevant to the intent? I could conceive a case where that would other factors. It seems like you want his statement that I intended to do stuff that I, that's not ever how you prove intent. I mean, there's a few people that admit their intent just like it, that tracks the statute, but that's not the only way you can prove it. That's true, Your Honor. Circumstantial evidence is often used to prove intent, and I would not exclude the possibility that in some case the commingling of the images combined with several other factors might be enough circumstantial evidence. Combined with his bragging. Again, bragging about possession, not distribution. And what about offers to share? Didn't he offer to share this great collection that he had? The government points to a couple of statements in the chats where he says, I can send you more of these. Right. Right. But that is just, again, it's about quantity, because what we're talking about is a number of images adjustment that has different levels depending on how many images were distributed. So to get above the two-level enhancement that we think is applied, the government has to prove that he intended to distribute at least 150 images. It hasn't done that. And there are how many images there, 1,600 or something, right? Over 1,000, yes. Yeah. But, again, the fact that he has a lot of images does not mean that he is going to distribute all of those images or even a large quantity. In and of itself, yeah, if you take everything out in and of itself, but if you put it all together, why isn't that sufficient? Because I think it assumes too much. It's based on an assumption that somebody with a large quantity will distribute a large quantity. But it's not just someone. It's someone that already has distributed some. There's someone that's bragged about it. There's someone that there's actually evidence in the record that what he's molested, what, a sibling, a niece at a very young age. It's your client. It's someone that has all of these qualities. Again, the things you point to do not indicate an intent to distribute. It may indicate intent for other things but not to distribute. And I think that the point I made in the reply brief about the record, where the government did submit the investigation report, it submitted the analysis of the car drives, the interview report, which indicates that the FBI, after getting permission from AOL and Yahoo to subpoena these records that led him to Mr. Esparza in the first place, seized his computers, did a full analysis. They got his permission to assume his online identity and go on and do additional things. The only thing they were able to prove is he distributed 16 images. And I think that's strong evidence that there's not other images out there. I see that I've gone past two minutes, but I'd like to answer any more questions the Court has. You may reserve the time. Great. Thank you. We'll hear from the government. Good morning. May it please the Court. My name is Tricia Yuen for the United States. And the primary issue that this Court is considering today is whether the district court properly found that the enhancement for number of images applied, where the defendant possessed over 1,100 images and 25 videos in floppy disks, and where he himself admitted to agents that the images that he distributed were part of this collection. Counsel, you heard the argument made by your opposing counsel that there is no proof that there was a distribution of more than 150, which is a threshold. What's your response? Well, Your Honor, for the relevant conduct to apply, government submits that he did not need to have distributed or even intended to distribute any of the images. All that is needed is a common scheme or plan, so one common factor to exist between the two offenses. Now, in this case, I do ---- But the issue here, there's no question about possession. The issue here is distribution. Yes, Your Honor, but in order to find the possessed images to be relevant conduct, there is no authority that the defendant has cited that shows that he had to have distributed them. In fact, the only thing that he supports for this argument is the probation officer's comments in the pre-sentence report. Well, this is the third time this is here, right? Yes, Your Honor. So it's, I mean, clearly what ---- You can clearly see from this record that the judge had a concept of the possession, you know, not only, I mean, because he had actually molested two really young children plus the possession and all of that, but this court twice has said he didn't get it right. You know, the judge clearly wanted to give him more than just what he was charged with based on all of the other conduct, whether it be the other, you know, this repository of other photos and all of that. And so this is so, you know, I can see clearly that the judge thought that he, this defendant, deserved more time and was looking for a way to get it, and two times we already said, well, you didn't pick the right, you didn't pick the right enhancement. So this is our third time on another enhancement, right? Yes, Your Honor. And still the district court properly found that Section 1B1.3A2 applied. Did your office argue every time that the other enhancements were right? Yes, Your Honor. Okay. So you've gotten it wrong twice, so now we're the, so how many times can we move this target? Yes, Your Honor, but each time the government has also argued that A2 had applied, but because the district court had found other enhancements, the district court did not rule on A2 until this last sentencing. And I think the record is clear that the district court made the proper finding because the, and a key factor that distinguishes this case factually is the temporal connection, the interconnectedness between the possession and distribution offenses. He possessed the images at the same time that he distributed the 16 images, and those 16 images, he himself admits, were intermingled with the larger collection of over 1,100 images. So give me your best circumstantial evidence of intent. What are all the factors in the record from your perspective that establish intent? This is a defendant who admitted that he participated in 65 to 70 Yahoo groups, and these were groups for individuals involved in child pornography. They're online forums for people who choose to join to discuss and trade child pornography. In the course of his being involved in these 65 to 70 groups, he uploaded, he distributed at least these 16 images, and they're a part of his collection. And this is what is the common purpose of his crimes, is that individuals who are interested in child pornography, they maintain these large collections and distribute images in order to grow their collections, to get more. He's in these groups not just to discuss child pornography, not just to share his collection, but to receive more images in return. It's deeply interconnected, and particularly in this case, where the distribution happened just five months before the search that found the images that were possessed on the floppy disks, and where he himself admitted that the images he distributed were commingled in the floppy disk collection that he had. Well, what about the bragging? What does that show, or what are the specific words? Yes, Your Honor. He did brag about that he had more that he could send, and in this type of case, this type of defendant, he is doing this in order to get more images from others in the group and to also, as he shares his collection, he receives more, so he grows his collection, and it feeds his predilection for his enjoyment of child pornography. Your Honor, I do want to address that I believe the court's comment in questioning opposing counsel about the Internet chats with minors and whether the district court improperly relied on that. The district court only discussed this. The chats with minors when she was addressing the 3553A factors, and it's important to note that factually the defendant believed that he was chatting with minors at the time of those chats, and the government concedes that we cannot prove that they were actual minors, and therefore the plus seven enhancement was not applied by the district court at this round of sentencing. That indicates that the district court did not make an error in the factual findings. It understood that it was not proven that the chats were with real minors, and this is further reflected in the change of the district court sentence from the first sentencing to the most recent sentencing. When the district court found that the chats were with actual minors, the district court imposed a 235-month sentence. So remind me of the first sentence, what it was, the second sentence, and the third sentence. Yes, Your Honor. The first sentence that included the plus seven enhancement for chats with actual minors was 235 months. When it was remanded and that enhancement was removed, the district court then found that the number of images enhancement under subsection A1 applied and imposed a 180-month sentence. At the latest sentencing, the district court found that the number of images enhancement applied under subsection A2 and again applied a 180-month sentence. And that's consistent with the court properly applying the law of the case and considering the facts and the record in finding that when based on the number of images but not considering a factual error of chats with actual minors, the sentence was the same. It was 180 months. And it was a within guidelines reasonable sentence. Would your argument be the same if instead of proving 16, you only proved one? Your Honor, the count of conviction was for distribution of child pornography and the conviction is whether he distributed one image, one video or 16. The key factor is whether that distribution has a common factor, is part of the same common scheme or plan or course of conduct as the possession. Isn't it weaker if you only had one as opposed to 16? Hypothetically, wouldn't it be weaker because he could argue that it's really his personal connection and he just made an exception in one case to share it? I mean, don't numbers matter here? I understand the court's point, but I do think that totality of the circumstances and the facts of this defendant, the number of Yahoo groups he participated in, the size of his collection, the period of time over which he was chatting on these groups and discussing his collections, that all shows his intent. You wouldn't be precluded from making that argument, but is it weaker if it's down to one as opposed to 16? Yes, Your Honor. I do think it would be weaker, but you have to look at all of the facts. And in other cases, for example, the McVeigh case from the Fourth Circuit, there was, I believe, a two-year gap between when the distribution and possession occurred. And in that case, the court still found them significantly linked to considerate relevant conduct. Here, we only have five months. And again, that temporal interconnectedness and the commingling of the images. What bothers me is sort of the innuendo that there was an intent to distribute all 1,150 images. Is that the government's position? Your Honor, I think that the facts support that, but the government also submits that that's not required. He doesn't need to intend to distribute the whole collection. But as long as the two offenses are sufficiently linked, then it can be considered relevant conduct. Notwithstanding the 150 threshold. Yes, Your Honor, it goes to the degree of the enhancement. All right. Thank you, Counsel. And I see that I'm out of time, so the government respectfully asks that the court affirm the defendant's sentence. Thank you, Counsel. Mr. Laughlin, you have some reserve time. With regard to the second issue, counsel suggested that the district court could properly consider the fact that Mr. Sparge was engaging in chats with people he believed to be minors. Two things about that. One, that's clearly not what the court was doing if you look at what the court's statements were. But, B, it couldn't do that because there's no evidence of that. In fact, this court's ruling in the first appeal, the reason it found the factual finding that these involved actual minors to be plainly erroneous, was that, A, it's facially implausible given the words used by the other participants in the case. B, it ignores the way chat rooms really operate where there are fantasy players involved. And, C, the fact that the government never even requested that enhancement in the first place suggests that it didn't really think real minors were involved. So, one, I don't think that the court could find that, but clearly it didn't. And I'd point the court to the long history of the court's factual pronouncements on this in the opening brief in the section requesting remand to a different judge where you can see how strongly this affected the judge. And to answer Your Honor's question about the change in the sentence, the sentence did go down after the first appeal, but that's because the seven-level enhancement was rejected, which means that only a two-level enhancement was applied. And, therefore, that five-level adjustment is the reason for the lower sentence. It wasn't any kind of change of heart by the court. In fact, again, if you look at that section of the opening brief, you'll see the court consistently suggests that it's sentencing Mr. Esparza based more on the, quote, depraved acts in these chats rather than the crime he actually committed. And that goes straight through the most recent resentencing,  No further questions. Thank you, Counsel. The case just argued will be submitted.
judges: O'scannlain, Rawlinson, Callahan